UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:21-cr-00046-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JAMES PATRICK BURNS, | |
| Defendant. | |

**I.    SUMMARY**

Defendant James Patrick Burns is indicted on 21 counts, including eight counts of sexual exploitation of children and eight counts of coercion and enticement of a minor. (ECF No. 136.) Trial is set to begin on February 26, 2024. This order addresses several pending motions stemming from the government's interview of one minor victim on January 28, 2024 in preparation for trial.[1]

**II.    RELEVANT BACKGROUND**

On October 28, 2021, the grand jury returned an indictment charging Burns with five counts: two counts of sexual exploitation of children; one count of advertising child pornography; one count of distribution and receipt of child pornography; and one count of possession of child pornography. (ECF No. 1.) The second superseding indictment charged Burns with 20 counts, including eight counts of sexual exploitation of children and eight counts of coercion and enticement of a minor. (ECF No. 83.) The third and fourth superseding indictments include another count (count 21) for commission of a felony offense by an individual required to register as a sex offender. (ECF Nos. 100 (third superseding indictment), 136 (fourth superseding indictment).) Counts one to eight and

---

[1]The Court orally ruled on one of these motions—Burns' motion to continue trial (ECF No. 180)—after hearing arguments. (ECF No. 188.) This order supplements the Court's oral ruling on that motion.

10 to 17 of the fourth superseding indictment relate to minor victims one through eight. The charged offenses occurred between January 15, 2018 and July 27, 2021. (ECF No. 136.) Burns has been in pretrial custody since November 3, 2021. (ECF No. 5.)

Pertinent to the motions addressed in this order is information that the government recently disclosed as to A.S., identified as Minor Victim 8 in the operative indictment. In particular, the government produced a 302 report[2] summarizing an interview with A.S. which took place in preparation for trial ("the Interview"). During the Interview, A.S. shared that in 2023, an individual initiated contact with her on Instagram and sent her a video made for "Jen."[3] (ECF No. 156.) A.S. did not believe this person was the same person as "Jen" and this person did not communicate with her like "Jen" did. The communications occurred over about a six-month period on A.S.'s iPhone, which is not the same phone as the one she used to communicate with "Jen" in 2020 and 2021. A.S. also has a tablet. (ECF No. 158.) The agent who participated in the Interview asked A.S.'s parent to collect the iPhone and tablet. In an email exchanged between counsel, government counsel informed Burns' counsel that an FBI agent was going to arrange to view these two devices. (ECF No. 156-2.)

### III.   DISCUSSION

#### A.   Motion to Compel (ECF No. 156)

Burns seeks to compel the government to produce the iPhone and tablet that A.S. used in 2023 as mentioned in the Interview for inspection and copying under Federal Rule of Criminal Procedure 16(a)(1)(E). (ECF No. 156.) Rule 16(a)(1)(E) requires the

---

[2] The Court grants Burns' motions to file the 302 report (Exhibit A to Burns' motion to compel (ECF No. 158)) under seal (ECF No. 157) because the report details the interview with A.S. and contains personal information that may be revealing of a minor's identity. While Exhibit A is sealed, the Court finds that the discussion herein which is supported by Exhibit A need not be sealed.

The Court grants the government's motion to file its response under seal (ECF No. 170). However, the Cout directs the government to file a redacted version of its response —with information in the "Factual Background" section redacted—within five days from the date of this order.

[3] The government alleges that "Jen" was Burns.

government to permit the defendant to inspect and copy any items the defendant requests "if the item is within the government's possession, custody or control" and the item falls within the three enumerated categories. Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii). The Court need not address the enumerated categories because it agrees with the government that the items are not within the government's possession.

The discovery obligations under Rule 16(a)(1)(E) cover only items in the government's possession, custody or control. Burns insists that because the government has knowledge of and access to the devices—by directing A.S.'s parent to collect the devices and by indicating that the government's agent is arranging to view the devices—the devices are deemed to be "in the possession of the government." (ECF No. 156 at 4.) Under the Ninth Circuit case law on which Burns relies, "'the scope of the government's obligation' turned on 'the extent to which the prosecutor has knowledge of and access to the [item].'" *United States v. Santiago*, 46 F.3d 886, 894 (9th Cir. 1995) (quoting *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989)). But as the government correctly points out, the devices belong to a private party, not another government agency, and while the government's agent is making arrangements to view the devices, his review is contingent on A.S.'s mother's consent. (ECF No. 168 at 12.) Burns offers no authority to support a finding that items in a private party's possession—even where the government has knowledge of them and may ask to view them or did review them—are deemed to be in the government's possession for purposes of Rule 16. Because the devices belong to a private party, the government does not have "access" to the devices to trigger Rule 16's discovery obligation. Accordingly, the Court denies Burns' motion to compel.

**B.     Evidence of the Victims' Alleged Conduct (ECF Nos. 140, 146)**

The parties filed separate motions addressing essentially the same evidentiary issue—admissibility of the victims' alleged sexual predisposition. (ECF Nos. 140, 146.)[4]

---

[4] Relatedly, the parties filed motions to seal these filings which contain personal information about minor victims. The Court grants these motions to seal (ECF Nos. 145, 150, 160). The Court refers to the information in these sealed filings generally to obviate the need to seal this order.

The government filed a motion in limine to "bar the defendant from admitting evidence, inquiring, or suggesting in any way that the victims allegedly engaged in other sexual behavior or had sexual predispositions, curiosities and/or preferences." (ECF No. 140 at 8.) The government contends the victims' alleged sexual predisposition has no probative value and would be offered to embarrass the victims and should be precluded under Federal Rules of Evidence 403 and 412. Burns filed a motion seeking to admit such evidence under Rule 412. (ECF No. 146 (sealed).) Burns then supplemented his motion with the Interview. (ECF No. 151 (sealed).)

Rule 412 excludes evidence of the victim's "other sexual behavior" or "sexual predisposition" except under three specific circumstances in criminal cases. Fed. R. Evid. 412(a), (b). The government argues that none of the three exceptions apply while Burns contends the third exception—"evidence whose exclusion would violate the defendant's constitutional rights" (Fed. R. Evid. 412(b)(1)(C))—applies. The Court agrees with the government.

Burns argues that for several of the victims, the information which the government seeks to preclude under Rule 412 is highly relevant to show how they met the perpetrator and "explains the chronology in this case." (ECF No. 146 at 3.) Burns does not, however, contend that the victims' sexual behavior or conduct is relevant to the charged offenses. While how the victims met the perpetrator in general (i.e., online), and more specifically that they connected on Omegle[5], may provide context, the specific reasons—whether sexual interests or sexual curiosities—that led the victims to connect with the perpetrator online has no relevance to the charged offenses. *See United States v. Macapagal*, 56 F. 4th 742, 747 (9th Cir. 2022) (holding that district court correctly instructed that "[a] minor's willingness to engage in sexual activity . . . is irrelevant to the elements of Title 18, United

---

[5]According to the government, "Omegle was a text and video chat website, where the participants were completely anonymous." (ECF No. 159 at 2 n. 2.) The government contends Burns would frequently go on Omegle to find his victims. Users on Omegle had the option to enter an "interest" search box to match other users with similar interests. (*Id.* at 2.)

4

States Code, Section 2422(b)"); *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004) ("The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation."). The Court fails to see how excluding evidence about the victims' alleged sexual preferences or interests would implicate Burns' constitutional rights. Moreover, Rule 403's concerns as to the substantial danger of unfair prejudice and confusing the issues would outweigh any minimal relevance of such evidence. The Court thus agrees with the government and will grant the government's motion in limine (ECF No. 140) and deny Burns' motion (ECF No. 146), except as to A.S., as the Court addresses below.

As to A.S., Burns supplemented his motion with the Interview to argue that the exceptions under Rule 412(b)(1)(A) and (C)[6] permit the evidence to be admitted. (ECF No. 151 at 3.) In particular, Burns insists that the information learned in the Interview is critical to support Burns' defense that he was not the perpetrator of the offenses in this case and certainly not the offenses against A.S. Rule 412(b)(1)(A) provides that the Court may admit "evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence." Fed. R. Evid. 412(b)(1)(A). In response, the government relies on *United States v. Torres,* 937 F.2d 1469, 1474 (9th Cir. 1991), to argue that this exception relates only to "evidence of physical contact between the defendant and the victim." (ECF No. 161 at 11.) In *Torres,* the court referred to this exception as the "source of the semen" exception. *Torres*, 937 F2d at 1474. The exception "is designed to permit evidence of

---

[6] In his supplement, Burns did not elaborate on how his constitutional rights would be violated if the Court excluded evidence of the 2023 incident involving A.S. as summarized in the Interview. Regardless, the Court does not find that precluding evidence of how the individual got A.S. to allegedly engage online over a year after the charged offenses occurred would violate Burns' constitutional rights. To the extent Burns' contention relates to his right to cross-examination, the court in *Torres* reiterated the limits of this right: "Trial judges retain wide latitude insofar as the Confrontation clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Torres,* 937 F.2d at 1473 (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).

sexual behavior which would tend to show that another individual was the donor of the semen found." *Id.* This exception does not apply here. Burns' argument as to identity relates to the identity of the individual who made the contact with A.S. online in 2023 being the same as the perpetrator who solicited A.S. several years earlier as charged in this case. His argument does not suggest any physical evidence of contact to invoke the "source of the semen" exception articulated in Rule 412(a)(1)(A).

Burns further contends that Rule 412 was not meant to preclude the type of identity evidence at issue here. The Court agrees with Burns to the extent the evidence he references relates solely to the identity of the individual who contacted A.S. in 2023, not to A.S.'s response to that contact, the details of her interactions with the individual or any evidence suggesting A.S.'s alleged sexual predisposition. Depending on the information from A.S., evidence that an individual contacted her in 2023 about a video made for "Jen" could be relevant to Burns' defense, and the probative value of such evidence may not be substantially outweighed by the danger of unfair prejudice or confusion. However, the Court cannot determine whether A.S.'s testimony will support Burns' argument at this time. This is an issue that the Court will need to resolve in the context of trial, and the Court may need to set a hearing as required under Rule 412(c)(2) to resolve this evidentiary issue. Accordingly, while the Court grants the government's motion and denies Burns' motion, the denial of Burns' supplement to the motion relating to A.S. is without prejudice as to the admissibility of some limited evidence about an individual's contact with A.S. in 2023, to the extent that Burns asserts his identity defense.

IV.   **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion to compel (ECF No. 156) is denied.

///

It is further ordered that the government's motion in limine (ECF No. 140) is granted and Defendant's motion seeking to admit evidence under Rule 412 (ECF No. 146) is denied.

It is further ordered that the motions to seal (ECF Nos. 145, 150, 160, 157, 170) are granted. The government is directed to file a redacted version of its response to the motion to compel (ECF No. 168).

DATED THIS 15th Day of February 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE